**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> MARILYNE VALOIS, <br><br>     Defendant-Cross-Claimant - Appellant, <br><br> v. <br><br> HAILI KOWALSKI, <br><br>     Defendant-Cross-Defendant - Appellee. | No. 23-3286 <br><br> D.C. No. 3:21-cv-06469-RS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Richard G. Seeborg, District Judge, Presiding

Argued and Submitted October 24, 2024
San Francisco, California

Before: OWENS, SUNG, and SANCHEZ, Circuit Judges.

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Marilyne Valois appeals from the district court's summary judgment in favor of Haili Kowalski in this interpleader action concerning the proceeds of a life insurance policy administered by the Hartford Life and Accident Insurance Company ("Hartford Plan"). The district court held the Legal Separation Agreement ("LSA") between Kowalski and her deceased ex-husband was a Qualified Domestic Relations Order ("QDRO") under the Employee Retirement Income Security Act of 1974 ("ERISA"). The LSA provides that the decedent "shall carry and maintain a policy of life insurance in the amount of $800,000" and "name [Kowalski's minor son, E.K.] as sole beneficiary." Thus, in accordance with the LSA, the district court held E.K. had superior rights to the Hartford Plan proceeds over the decedent's girlfriend, Valois, who is the named beneficiary. We review the district court's interpretation of ERISA and summary judgment de novo. *Stewart v. Thorpe Holding Co. Profit Sharing Plan*, 207 F.3d 1143, 1148 (9th Cir. 2000). We affirm.

1. Valois argues the LSA is not a QDRO because it does not clearly specify the Hartford Plan. To be a QDRO under ERISA, a Domestic Relations Order ("DRO") must, among other requirements, "clearly specif[y]" "each plan to which such order applies." 29 U.S.C. § 1056(d)(3)(C)(iv). We require only "substantial compliance" with ERISA's specificity requirements. *Hamilton v. Wash. State Plumbing & Pipefitting Indus. Pension Plan*, 433 F.3d 1091, 1097 (9th Cir. 2006)

(citing *Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 420 (9th Cir. 2000)).

The LSA substantially complies with the specificity requirements. The purpose of these requirements is to "spar[e] plan administrators the grief they experience" due to "uncertainty concerning the identity of the beneficiary." *Stewart*, 207 F.3d at 1150 (emphasis and citation omitted). Here, there is no uncertainty. Although the LSA only mentions "a policy of life insurance," the decedent had but one such policy—the one under the Hartford Plan. The LSA clearly requires the decedent to name E.K. as the sole beneficiary on that policy. Based on the unique facts of this case, where it is clear which plan is implicated, the LSA substantially complies with ERISA's specificity requirements and is a QDRO. *See Hamilton*, 433 F.3d at 1097 (noting the "pivotal question" for substantial compliance is whether the DRO "clearly contains the information specified in the statute that a plan administrator would need to make an informed decision" (quoting *Stewart*, 207 F.3d at 1154)).

2. Valois also argues the LSA is not a QDRO because it increases the payment burden on the Hartford Plan. To be a QDRO, a DRO must not "require the plan to provide increased benefits." 29 U.S.C. § 1056(d)(3)(D)(ii). The Hartford Plan proceeds totaled $493,000, which is less than the $800,000 policy the decedent was obligated to maintain according to the LSA. However, the LSA

is an agreement between the decedent and Kowalski, not between Kowalski and Hartford. Nothing in the LSA requires Hartford to provide an amount greater than $493,000. In fact, Hartford has deposited the proceeds and has been dismissed from the underlying action. Moreover, Kowalski is not requesting more than is allowed under the Hartford Plan. The LSA thus does not require the Hartford Plan to provide increased benefits.

3. We affirm the district court's grant of summary judgment. Each party shall bear its own costs on appeal.

**AFFIRMED.**